UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**"IN ADMIRALTY"**

CASE NUMBER: 1:25-cv-22149-JB


FAST RESPONSE MARINE
TOWING & SALVAGE, LLC,

      Plaintiff,

v.

M/V TNT, a 2023 Tecnomar
Lamborghini 63, *in rem*, and,
COMMERCIAL FITNESS
CONCEPTS LLC, *in personam*,

      Defendants.

                         /

### *JOINT* STATUS REPORT

Defendants, M/V TNT, a 2023 Tecnomar Lamborghini 63, *in rem*, and COMMERCIAL

FITNESS CONCEPTS, LLC, *in* personam, and Plaintiff, FAST RESPONSE MARINE TOWING

& SALVAGE, LLC (collectively the "Parties") by and through undersigned counsel and pursuant

to this Court's Order [D.E. 65], hereby submit this Joint Status Report and state as follows:


### STATUS REPORT

The Parties respectfully submit this Joint Status Report pursuant to the Court's Order [D.E.

65]. The Parties appreciate the Court's patience and continued oversight as they work through the

logistical and procedural issues that have arisen in this matter.

1

**Defendants' Position**

1. On January 12, 2026, Defendants filed a Motion to Stay the Case for Limited Duration [D.E. 60] following the unexpected passing of the owner of Defendant Commercial Fitness Concepts LLC, who also owned the Defendant vessel M/V *TNT*, and served as the corporate representative responsible for directing and participating in this litigation.

2. Defense counsel continues to work diligently to identify the appropriate successor or substitute corporate representative authorized to act on behalf of Defendant Commercial Fitness Concepts LLC and to make binding decisions concerning the defense of this action.

3. To date, despite diligent efforts, Defense counsel has not yet identified a duly authorized individual to serve in that capacity. Defense counsel continues to communicate with the relevant parties in an effort to determine who will assume control of the company and be empowered to direct its participation in this litigation.

4. Prior to Mr. Outlaw's death, he had retained personal counsel. Defense counsel has been working in coordination with Mr. Outlaw's personal counsel to identify the appropriate individual authorized to serve as the representative for Defendant Commercial Fitness Concepts LLC. A meeting is scheduled for March 4, 2026 at which time Defendants anticipate gaining further clarity regarding the future management and representation of the company.

5. Defendants will continue to keep the Court apprised of all developments and respectfully request an additional thirty (30) day stay of the proceedings to allow for the identification of the appropriate corporate representative and to coordinate the next steps in this matter.

6. Defendants oppose any and all relief requested by Plaintiff herein. If the Court deems appropriate, Defendants respectfully request the opportunity to brief the matters raised.

**Plaintiff's Position**

1.    The Court issued its prior ruling requiring Defendant to advise of any developments with respect to any successor in interest during the previous 30-day stay.  See [DE 62].  The Court likewise ruled that it would address the sale of the vessel after the 30-day period.  *Id.*

2.    Plaintiff notes that the Defendants failed to provide any updates to the Court or to Plaintiff on February 12, 2026, the date the stay was supposed to be lifted, and as otherwise required by the Court's Order [DE 62].  Only following the Court's sua sponte review of the record, did the Court issue a follow-up Order requiring a joint status report [DE 65].  This effectively provided Defendants an additional eight (8) days to determine an authorized representative.

3.    Only following receipt of [DE 65], and on February 19, 2026, did Defendants reached out to advise Plaintiff of their continued difficulty in identifying an authorized representative.  Although Plaintiff is sympathetic under the circumstances, Plaintiff is unclear as to why there is difficulty in determining an authorized representative on behalf of the Corporate Entity and is further unclear as to the extent of efforts taken to determine an authorized representative.

4.    For these and the foregoing reasons, Plaintiff opposes an additional 30-day stay. Plaintiff maintains its position that was stated previously in its Response to Court Order [DE 58] Continuing to Seek Relief Stated in its Motion for Interlocutory Sale [DE 49]. See [DE 61].

5.    Specifically, Plaintiff reiterates its position that 1) Defendants have not posted a bond to date, 2) the Vessel has been under arrest since May 2025 and the Defendants' delay (both actual and unintended) continues to result in continued deterioration of the vessel, as well as, additional custodia legis expenses.

6.      Plaintiff further states that it remains unlikely that a bond will otherwise be posted or that any letter of credit would be issued necessitating the interlocutory sale of the vessel.

7.      Plaintiff maintains that Defendants would not be prejudiced by the Court Ordering the sale of the vessel.  See *Naval Logistic, Inc. v. M/V Family Time*, No. 23-22379-CIV, 2024 WL 828124, at *2 (S.D. Fla. Feb. 27, 2024), aff'd sub nom. *Naval Logistics, Inc. v. M/V FAMILY TIME*, No. 24-13172, 2025 WL 1733999 (11th Cir. June 23, 2025) ("The interlocutory sale of a vessel is not a deprivation of property but rather a necessary substitution of the proceeds of the sale, with all of the constitutional safeguards necessitated by the in rem process.").

8.      As such, Plaintiff maintains its request to increase the Court Ordered bond amount to be reflective of the increase in the *Custodia Legis* costs incurred due to Defendants' delays in posting a bond.

9.      In [DE 61], Plaintiff represented its request to increase the bond amount from $776,000 (which contemplated $56,000.00 in *custodia legis* costs) **to $830,926.18** (to reflect an increase in the *custodia legis* costs incurred by Plaintiff – an estimated additional total of $54,926.18 through February 26, 2026).   Although, at this stage, that increase likewise would not cover all additional *custodia legis* costs which would continue to accrue up until the time the vessel is actually sold which, at this stage, is unlikely to occur before February 26, 2026.[1]

10.     Therefore, Plaintiff continues to respectfully request this Court to:

    a.   Grant the relief Plaintiff seeks in its Motion for Interlocutory Sale [DE 49]; and

    b.   Order an increase to the previously issued bond amount to reflect the additional *custodia legis* fees incurred by Plaintiff due to Defendants' delay in posting a

---

[1] Please recall that *custodia legis* costs continue to accrue at $342.55 per day **plus** sales tax of 7% - and otherwise reflect a rate of approximately ~$11,362.38 per month.

bond in the amount of at least $54,926.18 (making the new bond amount needed

to be posted by Defendants to be at least $830,926.18); and

c. Order a minimum bid amount for the sale of the subject vessel of at least the

amount of the proposed increased bond; and

d. Order a date certain for the sale to occur as soon as practicable.

e. For any other relief the Court deems just and proper.


**Respectfully submitted,**

| **McALPIN FLOREZ MARCOTTE, P.A.** | **COLE, SCOTT & KISSANE, P.A.** |
|---|---|
| 9130 S. Dadeland Blvd., Suite 1900 | 222 Lakeview Avenue, Suite 500 |
| Miami, Florida 33156 | West Palm Beach, Florida 33401 |
| Tel: (305) 810-5400 | Tel: (561) 612-3479 |
| Fax: (305) 810-5401 | Fax: (561) 683-8977 |
| | |
| By: /s/ *Michael Del Duca* | By:/s/ *Justin D. Edell* |
| Richard J. McAlpin, Esq. | Barry A. Postman, Esq. |
| rmcalpin@mfm-maritime.com | Florida Bar No.: 991856 |
| Florida Bar No. 438420 | barry.postman@csklegal.com |
| George S. Florez, Esq. | Justin D. Edell, Esq. |
| gflorez@mfm-maritime.com | Florida Bar No.: 105105 |
| Florida Bar No. 127331 | justin.edell@csklegal.com |
| Michael Del Duca, Esq. | patricia.martel@csklegal.com |
| Florida Bar No.: 1058454 | *Attorneys for Plaintiff* |
| mdelduca@mfm-maritime.com | |
| dduran@mfm-maritime.com | |
| *Attorneys for Defendant* | |