UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**"IN ADMIRALTY"**

CASE NUMBER: 1:25-cv-22149-JB

FAST RESPONSE MARINE
TOWING & SALVAGE, LLC,

      Plaintiff,

v.

M/V TNT, a 2023 Tecnomar
Lamborghini 63, *in rem*, and,
COMMERCIAL FITNESS
CONCEPTS LLC, *in personam*,

      Defendants.

_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO STATUS REPORT

Defendants, M/V TNT, a 2023 Tecnomar Lamborghini 63, *in rem*, and COMMERCIAL FITNESS CONCEPTS, LLC, *in personam* (hereinafter "Defendants"), by and through undersigned counsel, hereby file this Reply in opposition of Plaintiff's Response to Defendants' Status Report [D.E. 69], and state as follows:

### INTRODUCTION

Plaintiff's Response to Defendant's Status Report [D.E. 69] seeks relief that is unwarranted by the facts of this case. Plaintiff requests the Court to (1) order an interlocutory sale of the vessel, (2) increase the bond amount by more than $64,000, and (3) set a minimum bid equal to that of Plaintiff's proposed bond. Each of these requests would impose substantial and undue prejudice on Defendants, particularly in light of the unexpected death of Commercial Fitness Concepts LLC's sole member, Defendants' active exploration of all viable alternatives to aggregate the

McALPIN FLOREZ MARCOTTE, P. A.
9130 S. DADELAND BOULEVARD, SUITE 1900, MIAMI, FLORIDA 33156 * TEL (305) 810-5400 * FAX (305) 810-5401

funds necessary to post security to secure the release of the Vessel., and its good-faith efforts to address the bond and the vessel's status.

This Court has already recognized the unique circumstances created by Mr. Outlaw's passing and has granted limited stays to allow Commercial Fitness Concepts LLC to identify its representatives to determine the likelihood of posting the Court-ordered bond. Plaintiff's attempt to characterize these circumstances as a "delay tactic" is unsupported and contradicted by the record. For these reasons, and those set forth below, Plaintiff's requests should be denied.

## ARGUMENT

### I.   Defendants Have Not Unreasonable Delayed the Posting of a Bond.

Plaintiff's own timeline of events acknowledges that the unexpected death of Mr. Outlaw created a temporary but unavoidable disruption in the company's ability to act. The record reflects:

- Defense counsel participated in a meeting with acting representatives on March 4.

- Defense counsel is actively working to formalize Defendants' authority and move forward with a final determination on the posting of the bond.

This is not unreasonable delay. It is the predictable administrative consequence of the sudden death of the company's only authorized decision-maker. Defendants have consistently complied with the Court's deadlines and have kept all parties informed of developments as they arise.

### II.   Increasing the Bond Would Unduly Prejudice Defendant.

Plaintiff seeks to unilaterally increase the bond from $776,000 to $840,089.40, citing additional *custodia legis* expenses. Plaintiff provides no legal support for this assertion and attempts to circumvent the hearing that was held on November 18, 2025 in which the bond amount was set by the Court. Plaintiff further seeks an increase based on projected future expenses through

March 23, 2026. Yet Plaintiff acknowledges that even this proposed increase "would not cover all additional *custodia legis* costs" and that such costs "continue to accrue." [D.E. 69 at 6]. Plaintiff is effectively asking the Court to set a moving target—one that would require repeated adjustments and create further instability. The Court is not required to adjust the bond amount each time Plaintiff asserts additional expenses. Granting such relief would be inequitable, as Defendants are still in the process of determining whether they can post the original bond amount at all.

**CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court:

a.   Deny the relief sought in Plaintiff's Motion for Interlocutory Sale [D.E. 49];

b.   Deny Plaintiff's unilateral request to increase the bond amount;

c.   Deny Plaintiff's request to set a minimum bid equal to its proposed increased bond; and

d.   Grant any other relief the Court deems just and proper.

**Respectfully submitted,**

By: */s/ Michael Del Duca*
Richard J. McAlpin, Esq.
Florida Bar No.: 438420
rmcalpin@mfm-maritime.com
George S. Florez, Esq.
Florida Bar No.: 127331
gflorez@mfm-maritime.com
Michael Del Duca, Esq.
Florida Bar No.: 1058454
mdelduca@mfm-maritime.com
dduran@mfm-maritime.com
**McAlpin Florez Marcotte, P.A.**
9130 S. Dadeland Blvd., Suite 1900
Miami, FL 33156
Tel: (305) 810-5400
Fax: (305) 810-5401

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Thursday, March 12, 2026, the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing: Barry A. Postman, barry.postman@csklegal.com; justin.edell@csklegal.com; Cole, Scott, & Kissane, P.A., Attorneys for Plaintiff, 222 Lakeview Ave., Suite 120, West Palm Beach, FL 33417.

By: */s/ Michael Del Duca*
Michael Del Duca, Esq.

McALPIN FLOREZ MARCOTTE, P. A.
9130 S. DADELAND BOULEVARD, SUITE 1900, MIAMI, FLORIDA 33156 * TEL (305) 810-5400 * FAX (305) 810-5401