**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**IN ADMIRALTY**

CASE NO.: 1:25-CV-22149-JB

FAST RESPONSE MARINE
TOWING & SALVAGE, LLC,

      Plaintiff,

v.

M/V TNT, a 2023 Tecnomar
Lamborghini 63, *in rem*, and
COMMERCIAL FITNESS
CONCEPTS LLC, *in personam*,

      Defendants,

---

BRIDGECAP EQUITIES LLC,
a Delaware limited liability company,

      Intervening Plaintiff,

v.

M/Y TNT – one 2023 19.97m Tecnomar
"LAMBORGHINI 63" motor yacht bearing
Official Number Y0208, along with its
inventory, engines, equipment, furnishings,
and other appurtenances, *in rem*, and
COMMERCIAL FITNESS CONCEPTS
LLC, *in personam*,

      Defendants.

                             /

## VERIFIED INTERVENING COMPLAINT

Intervening Plaintiff, BRIDGECAP EQUITIES LLC, a Delaware limited liability company, by and through undersigned counsel, pursuant to S.D. Fla. Local Admiralty Rule E(2)(a) and the Federal Rules of Civil Procedure, hereby submits its Verified Intervening Complaint against the Defendant Vessel, "TNT" – one 2023 19.97m Tecnomar "LAMBORGHINI 63" motor yacht bearing Official Number Y0208, along with its inventory, engines, equipment, tackle, furnishings, and other appurtenances ("Defendant Vessel"), *in rem*, and against COMMERCIAL FITNESS CONCEPTS LLC, an Oklahoma limited liability company, *in personam*, and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is a case within this Court's admiralty and maritime jurisdiction and an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1333 and 46 U.S.C. §§ 31325(b), and 31326.

3. Intervening Plaintiff brings this action pursuant to Supplemental Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the general maritime law of the United States to enforce and foreclose a ship mortgage recorded with a foreign registry qualifying as a preferred mortgage within the meaning of 46 U.S.C. § 31301(6)(B).

4. This Intervening Complaint is filed pursuant to Southern District of Florida Local Admiralty Rule E(2)(a) as a matter of right because the Defendant Vessel has been arrested and no order of sale has been entered.

5. In addition, Intervening Plaintiff asserts in personam claims, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Intervening Plaintiff, BRIDGECAP EQUITIES LLC ("BRIDGECAP"), is a Delaware limited liability company and the lender and mortgagee under the loan documents described below.

7. Intervening Plaintiff BRIDGECAP is the original lender and mortgagee under the Loan Agreement, Promissory Note, Deed of Covenants, Mortgage Registration Form ("Ship Mortgage") and related mortgage documents securing the Defendant Vessel.

8. The Defendant Vessel, "TNT" – one 2023 19.97m Tecnomar "LAMBORGHINI 63" motor yacht bearing Official Number Y0208, along with its inventory, engines, equipment, tackle, furnishings, and other appurtenances, has been arrested and is presently within the Southern District of Florida and within the jurisdiction of this Honorable Court.

9. Upon information and belief, Defendant COMMERCIAL FITNESS CONCEPTS LLC ("COMMERCIAL FITNESS") is an Oklahoma limited liability company and is the owner of the Defendant Vessel and the borrower/mortgagor under the Promissory Note and mortgage documents.

10. Upon information and belief, Brandon Outlaw, now deceased, executed an Unconditional Guarantee of Payment and Performance ("Unconditional Guaranty") in favor of Intervening Plaintiff guaranteeing the obligations of the borrower under the Promissory Note and related loan documents.

11. Upon information and belief, any such guaranty obligations survive Mr. Outlaw's death and are enforceable against his estate to the extent permitted by applicable law.

12.     Intervening Plaintiff expressly reserves the right to amend this Intervening Complaint to assert guaranty claims against the proper party, as permitted by the Federal Rules of Civil Procedure and applicable law.

13.     Venue is proper as the underlying facts of this action accrued within the Southern District of Florida, and the Defendant Vessel has been arrested and is presently located within this District.

## INTRODUCTION AND PROCEDURAL HISTORY

14.     This action seeks *in rem* enforcement and foreclosure of a ship mortgage under the Ship Mortgage Act against a foreign-flagged vessel and further asserts *in personam* contract claims arising from events of default under the governing loan documents.

15.     The right to enforce the debt, declare default, accelerate the indebtedness, and seek foreclosure and related relief is evidenced by a Loan Agreement, Promissory Note, Ship Mortgage, Deed of Covenants, and Unconditional Guaranty (collectively referred to as the "Loan Documents").

16.     As reflected in the official Transcript of Register issued by the Bahamas Maritime Authority dated February 10, 2026, the Defendant Vessel remains encumbered by Mortgage "A" dated 26 November 2024 in favor of BRIDGECAP EQUITIES LLC, which mortgage remains of record and unsatisfied as of the date of the transcript. A true and correct copy of the Transcript of Register is attached hereto as Exhibit F.

17.     Intervening Plaintiff is the mortgagee identified in Mortgage "A" dated 26 November 2024 and holds a valid, perfected, and subsisting mortgage lien securing obligations arising under the Loan Documents.

18.     On or about May 3, 2025, the Defendant Vessel was involved in a maritime incident in or about Biscayne Bay during which it reportedly took on water and required emergency assistance.

19.     Plaintiff FAST RESPONSE MARINE TOWING & SALVAGE, LLC ("FAST RESPONSE") alleges that it rendered salvage services to the Defendant Vessel in connection with that incident.

20.     Based upon the alleged salvage services, Plaintiff FAST RESPONSE commenced this *in rem* admiralty action against the Defendant Vessel.

21.     The Defendant Vessel was subsequently arrested in this action and placed in custodia legis.

22.     Following the arrest of the Defendant Vessel, no bond or substitute security was posted to secure the Defendant Vessel's release, and the Defendant Vessel has remained under arrest.

23.     During the period in which the Defendant Vessel remained under arrest and unbonded, multiple Events of Default arose under the Loan Documents.

24.     The Loan Documents expressly define Events of Default to include, among other things, non-payment, seizure, arrest, detention, or any act materially impairing the Mortgagee's security interest in the Defendant Vessel.

25.     With the Defendant Vessel remaining under arrest without bond and Defendant COMMERCIAL FITNESS in continuing default, Intervening Plaintiff must intervene in this action to protect its mortgage lien, enforce its secured rights, and prevent further impairment of the collateral.

26.    Intervening Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 9(h), Supplemental Admiralty Rule C, and the Local Admiralty Rules and seeks all relief available at law or in equity arising from enforcement of the ship mortgage and the secured obligations.

## FACTUAL BACKGROUND

27.    On or about November 26, 2024, Defendant COMMERCIAL FITNESS entered into a Loan Agreement with Intervening Plaintiff BRIDGECAP in connection with the ownership and financing of the Defendant Vessel. A true and correct copy of the Loan Agreement is attached hereto as Exhibit A.

28.    On that same date, Defendant COMMERCIAL FITNESS executed and delivered a Promissory Note in favor of BRIDGECAP in the original principal amount of Two Million Dollars ($2,000,000.00), evidencing Defendant COMMERCIAL FITNESS' repayment obligations under the Loan Agreement. A true and correct copy of the Promissory Note is attached hereto as Exhibit B.

29.    As security for repayment of the loan and performance of all obligations arising under the Loan Agreement and Promissory Note, Defendant COMMERCIAL FITNESS executed a Ship Mortgage, recorded with the Bahamas Maritime Authority, granting BRIDGECAP a mortgage lien against the Defendant Vessel. A true and correct copy of the mortgage registration documentation is attached hereto as Exhibit C.

30.    In further connection with the loan transaction, Defendant COMMERCIAL FITNESS and BRIDGECAP executed a Deed of Covenants, which supplements the Loan Agreement, Promissory Note, and Ship Mortgage and confirms that the Defendant Vessel serves as collateral securing Defendant COMMERCIAL FITNESS' obligations. A true and correct copy of the Deed of Covenants is attached hereto as Exhibit D.

31.     The Loan Documents expressly define Events of Default to include, among other things, the seizure, arrest, detention, or restraint of the Defendant Vessel, or any act or circumstance that materially impairs BRIDGECAP's security interest in the Defendant Vessel. See Exhibits A, C, and D.

32.     The Loan Documents further authorize BRIDGECAP, upon the occurrence of any Event of Default, to declare all obligations immediately due and payable, to enforce and foreclose the ship mortgage in rem, to seek judicial sale of the Defendant Vessel, and to recover all enforcement costs and attorneys' fees. See Exhibits C and D.

33.     The Loan Documents expressly provide that all remedies are cumulative and that the exercise or delay in exercising any remedy does not constitute a waiver of any other rights or remedies available to BRIDGECAP. See Exhibits A, B, C, and D.

34.     Following the execution of the Loan Documents, Plaintiff FAST RESPONSE initiated an *in rem* salvage action against the Defendant Vessel, which resulted in the arrest of the Defendant Vessel within this District.

35.     The arrest and continued detention of the Defendant Vessel constituted an Event of Default under the Loan Documents and materially impaired BRIDGECAP's security interest in the Defendant Vessel. See Exhibits C and D.

36.     No bond or substitute security was posted to secure the release of the Defendant Vessel from arrest, and the Defendant Vessel has remained under arrest and in custodia legis.

37.     As a result of the foregoing Events of Default, including the seizure and continued detention of the Defendant Vessel, BRIDGECAP exercised its contractual rights to enforce its ship mortgage and secured remedies as provided in the Loan Documents.

38.     In connection with this loan transaction, Brandon Outlaw, in his individual capacity, executed an Unconditional Guaranty guaranteeing full and prompt payment and performance of all obligations of Defendant COMMERCIAL FITNESS under the Loan Documents. A true and correct copy of the Unconditional Guaranty is attached hereto as Exhibit E.

39.     The Unconditional Guaranty provides that guarantor liability is absolute and unconditional and triggered immediately upon the occurrence of any Event of Default under the Loan Documents. See Exhibit E.

40.     Defendant COMMERCIAL FITNESS failed to make required payments of principal and interest when due, constituting events of default under the Loan Agreement, Promissory Note, Ship Mortgage, and Deed of Covenants. See Exhibits A, B, C, and D.

41.     The actions taken by Intervening Plaintiff BRIDGECAP as lender and mortgagee were authorized by contract, expressly contemplated by the Loan Documents, and undertaken to protect its secured interest in the Defendant Vessel

## COUNT I
### *IN REM* CLAIM AGAINST THE DEFENDANT VESSEL
(Foreclosure of Ship Mortgage)

42.     Intervening Plaintiff, BRIDGECAP, re-alleges and reincorporates paragraph numbers (1) through (40) of this Intervening Verified Complaint as if fully set forth herein, and further alleges:

43.     The Defendant Vessel, "TNT" – one 2023 19.97m Tecnomar "LAMBORGHINI 63" motor yacht bearing Official Number Y0208, along with its inventory, engines, equipment, furnishings, and other appurtenances, is a foreign-flagged vessel registered in Nassau, The Bahamas.

44.     On November 26, 2024, the Defendant Vessel became subject to a valid and enforceable Ship Mortgage securing the repayment and performance of the obligations arising under the Loan Documents. See Exhibit C.

45.     Defendant COMMERCIAL FITNESS committed Events of Default under the Loan Documents, including, without limitation, the seizure, arrest, and continued detention of the Defendant Vessel, and other acts materially impairing BRIDGECAP's security interest in the Defendant Vessel. See Exhibits A, C, and D.

46.     The foregoing Events of Default were not cured, no bond or substitute security was posted to secure the release of the Defendant Vessel, and BRIDGECAP executed no waiver, modification, or forbearance agreement.

47.     In response to the foregoing Events of Default, BRIDGECAP exercised its contractual rights to enforce the ship mortgage and declare the secured obligations due and enforceable in accordance with the Loan Documents. See Exhibits C and D.

48.     The Loan Documents expressly authorize BRIDGECAP, upon the occurrence of any Event of Default, to enforce the ship mortgage *in rem*, foreclose through judicial proceedings, and seek judicial sale of the Defendant Vessel. See Exhibit C.

49.     Plaintiff FAST RESPONSE initiated this *in rem* admiralty action asserting a claim for salvage services, which resulted in the arrest of the Defendant Vessel within this District.

50.     The arrest and continued detention of the Defendant Vessel placed the res in custodia legis and materially impaired BRIDGECAP's collateral and secured interest absent intervention.

51.     The arrest and continued detention of the Defendant Vessel constitute Events of Default and further trigger enforcement rights expressly contemplated by the Loan Documents. See Exhibits A, C, and D.

52.     All conditions precedent to foreclosure of the ship mortgage have been performed, satisfied, or waived.

53.     As a direct result of default, the Defendant Vessel is liable for the full amount of the secured indebtedness, together with all interest, charges, enforcement expenses, custodia legis costs, marshal's fees, and attorneys' fees recoverable under the Loan Documents and applicable law.

54.     BRIDGECAP is entitled to foreclosure of the ship mortgage, judicial sale of the Defendant Vessel, and application of the proceeds to the indebtedness in accordance with statutory priority under 46 U.S.C. § 31326.

55.     Therefore, it is respectfully requested that this Honorable Court issue appropriate process and orders to enforce the ship mortgage, including an order directing the judicial sale of the Defendant Vessel, thereby allowing Intervening Plaintiff, BRIDGECAP, to recoup monies owed to it, together with all damages shown at trial and all other losses and expenses permitted by law, including, but not limited to, costs and interest.

**WHEREFORE**, Intervening Plaintiff, respectfully requests that this Honorable Court:

A. Issue a Supplemental Warrant for the arrest of the Defendant Vessel and that all persons with an interest therein be cited to appear and answer the matter aforesaid;

B. That the Defendant Vessel be arrested pursuant to Supplemental Rule C to the extent of the Intervening Plaintiff's ship mortgage lien and secured claim, plus all litigation costs and prejudgment interest;

C. That the Defendant Vessel along with its engines, tackle, rigging, apparel, equipment, appurtenances, and inventory be condemned and sold, and the proceeds be applied to pay Intervening Plaintiff a sum equal to: (1) the extent of its ship mortgage lien and secured claim asserted above; and (2) a sum equal to the damages found by this Honorable Court to have been suffered by Intervening Plaintiff, plus interest, litigation costs, and arrest costs; and

D. Grant any and all other relief deemed just and proper by this Honorable Court.

**COUNT II**
***IN PERSONAM* CLAIM AGAINST COMMERCIAL FITNESS CONCEPTS LLC**
**(Breach of Loan Documents)**

56.     Intervening Plaintiff, BRIDGECAP, re-alleges and reincorporates paragraph numbers (1) through (40) of this Intervening Verified Complaint as if fully set forth herein, and further alleges:

57.     On November 26, 2024, Defendant COMMERCIAL FITNESS, Defendant COMMERCIAL FITNESS, executed and entered into the Loan Documents in favor of BRIDGECAP. See Exhibits A, B, C, and D.

58.     The Loan Documents required Defendant COMMERCIAL FITNESS to comply with affirmative and negative covenants designed to preserve the Defendant Vessel, protect BRIDGECAP's collateral, and maintain BRIDGECAP's security position. See Exhibits A, C, and D.

59.     The Loan Documents further prohibited Defendant COMMERCIAL FITNESS from permitting any act or omission that would result in the seizure, arrest, detention, or other impairment of the Defendant Vessel or materially diminish the value of BRIDGECAP's security interest. See Exhibits A, C, and D.

60. Defendant COMMERCIAL FITNESS breached the Loan Documents when the Defendant Vessel was arrested and remained under arrest without bond or substitute security, thereby triggering Events of Default expressly defined in the Loan Documents. See Exhibits C and D.

61. Defendant COMMERCIAL FITNESS further breached the Loan Documents by failing to take required actions to protect and preserve the Defendant Vessel and BRIDGECAP's secured interest following arrest.

62. The foregoing breaches constituted material, continuing, and uncured Events of Default under the Loan Documents.

63. As a result of the uncured Events of Default, BRIDGECAP exercised its contractual rights to enforce the Loan Documents and declare the secured obligations immediately due and enforceable. See Exhibits C and D.

64. Defendant COMMERCIAL FITNESS failed and refused to cure the Events of Default or otherwise perform its obligations under the Loan Documents.

65. BRIDGECAP has performed all conditions precedent to enforcement of the Loan Documents, or such conditions have been satisfied, excused, or waived.

66. As a direct and proximate result of Defendant COMMERCIAL FITNESS' breaches, BRIDGECAP has suffered damages, including enforcement expenses, custodia legis costs, attorneys' fees, and all other amounts recoverable under the Loan Documents and applicable law.

67. Defendant COMMERCIAL FITNESS is liable to BRIDGECAP *in personam* for all damages arising from its breaches of the Loan Documents.

**WHEREFORE**, Intervening Plaintiff, BRIDGECAP, respectfully requests that this Honorable Court enter judgment in favor of Intervening Plaintiff, BRIDGECAP, and against Defendant, COMMERCIAL FITNESS, *in personam*, for all damages recoverable under the Loan Documents and applicable law, together with attorneys' fees, costs, interest, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of March 2026,

By:  /s/ *James H. Perry, II*
James H. Perry, II
Florida Bar No.: 991491
perry@maritimeattorneys.com

Michael P. Perry
Florida Bar No.: 1048868
michaelperry@maritimeattorneys.com

PERRY MARITIME LAW GROUP, P.A.
1650 SE 17th Street, Suite 200
Fort Lauderdale, FL 33316
Telephone:   954-500-1000
Facsimile:    954-500-2000
*Counsel for Intervening Plaintiff*

Docusign Envelope ID: 05255C1A-95E9-42B2-BFD5-7593B5CDBD26

# VERIFICATION

BEFORE ME, the undersigned authority, personally appeared Nissim Ohayon, who, being duly sworn, deposes and states under penalty of perjury as follows:

1.  I am over twenty-one (21) years of age and I am the Manager of Bridgecap Equities LLC, a Delaware limited liability company ("Intervening Plaintiff"), and I am duly authorized to execute this Verification on behalf of Intervening Plaintiff.

2.  I have reviewed the foregoing Verified Intervening Complaint, and I have personal knowledge of the facts stated therein or have obtained such knowledge through the review of Intervening Plaintiff's business records kept in the ordinary course of business. Based upon such knowledge, I declare that the factual allegations contained in the Verified Complaint are true and correct to the best of my knowledge, information, and belief.

3.  Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of February 2026.

**BRIDGECAP EQUITIES LLC**

By: _____

Name: Nissim Ohayon
Title: Manager