
EXHIBIT

B

## PROMISSORY NOTE

This Promissory Note (this "Note") is executed and delivered on July ___, 2024 from COMMERCIAL FITNESS CONCEPTS LLC, an Oklahoma limited liability company (collectively, whether one or more, the "Borrower") to BRIDGECAP EQUITIES LLC ("Lender").

1.      PROMISE TO PAY. Borrower promises to pay to the order of Lender the principal amount of TWO MILLION AND NO/100 DOLLARS ($2,000,000.00), or so much as may hereafter be disbursed under this Note, together with interest thereon, from the date of each advance of principal, at the Interest Rate set forth in this Note in lawful money of the United States of America. Payment of the Note shall be made at Lender's office at 1706 Ave. M, Brooklyn, New York 11230 unless otherwise directed in writing by Lender.

2.      INTEREST RATE. The interest rate on this Note shall be a fixed rate of 3.50% per month (the "Interest Rate"). Interest on this Note shall be calculated on a 360-day basis in determining the number of days elapsed during each calendar year. All interest payable under this Note is computed using this method. Upon an Event of Default, including failure to pay this Note in full on or before the Maturity Date, the Interest Rate shall be increased by adding an additional FIVE PERCENT (5.00%) per month margin (the "Default Rate Margin"). The Default Rate Margin shall also apply to each succeeding Interest Rate change that would have applied had there been no Event of Default. Following the Maturity Date, or after this Note would have matured had there been no default, the Default Rate Margin will continue to apply to the final Interest Rate described in this Note. However, in no event will the Interest Rate exceed the maximum interest rate limitations under applicable law.

3.      REPAYMENT. Borrower shall pay semimonthly payments of accrued and unpaid interest on the disbursed principal balance of this Note, beginning on the fifteenth (15th) day of July, 2024 and continuing on the first (1st) and fifteenth (15th) day of each consecutive month thereafter until the Maturity Date (as herein defined). A final payment of all outstanding principal and interest shall be due on July 8, 2025 (collectively with the aforementioned semimonthly payments, the "Payments"). Payments will be first applied to any accrued unpaid interest, then to any outstanding fees or charges, and then to reduce the principal balance of this Note.

4.      MATURITY. This Note will mature in 1 year from date of Note. The entire outstanding principal balance of this Note, together with all accrued but unpaid interest thereon, shall be due and payable in full on or before July 8, 2025 (the "Maturity Date").

5.      LATE CHARGES. If a payment on this Note is more than 10 days late, Lender may charge Borrower a late fee of up to FIVE PERCENT (5.00%) of the unpaid portion of the regularly scheduled payment. All late fees shall (i) accrue on the outstanding principal balance of this Note from the date of any Event of Default and for so long as such Event of Default continues, regardless of whether or not there has been an acceleration of the indebtedness evidenced by this Note; and (ii) accrue in addition to the Interest Rate set forth in this Note.

6.      EVENT OF DEFAULT. An event of default (an "Event of Default") shall be deemed to have occurred hereunder upon any of the following: (i) nonpayment, when due, of any principal,

accrued interest, premium, fee or other charge due under this Note; or (ii) the occurrence of any event or condition which constitutes a default under the terms of any other documents or agreement evidencing or securing this Note (collectively, the "Loan Documents"). Upon the occurrence of an Event of Default, Lender may declare the entire unpaid balance of the Note and all other indebtedness of Borrower to Lender, including but not limited to accrued interest, fees and other costs to be immediately due and payable without presentment, protest or further demand or notice of any kind, all of which are hereby expressly waived.

7.      REMEDIES. Lender may, following an Event of Default, in addition to declaring the entire unpaid balance of the Note and all other indebtedness of Borrower to Lender immediately due and payable, take any and all such other actions deemed necessary in the sole and absolute discretion of Lender, including without limitation the assessment of a collateral monitoring fee of Twenty Thousand and No/100 Dollars ($20,000.00) per month while any Event of Default exists. The rights, remedies, powers and privileges provided for in this Note and the Loan Documents shall not be deemed exclusive but shall be cumulative and shall be in addition to all other rights, remedies, powers and privileges in Lender's favor at law or in equity. Neither the failure nor delay on the part of Lender to exercise any right, remedy, power or privilege under this Note or the Loan Documents upon the occurrence of any Event of Default or otherwise shall operate as a waiver thereof or impair any such right, remedy, power or privilege of Lender. No waiver of any Event of Default shall affect any later Event of Default or otherwise impair any rights of Lender. No single, partial or full exercise of any rights, remedies, powers and privileges by the Lender shall preclude further or other exercise thereof. No course of dealing between Lender and Borrower shall operate as or be deemed to constitute a waiver of Lender's rights under this Note or the Loan Documents or affect the duties or obligations of Borrower thereunder.

8.      NOTICES. Any and all notices, elections or demands permitted or required to be given under this Note shall be in writing, signed by or on behalf of the party giving such notice, election or demand, and shall be deemed to have been properly given and shall be effective upon being personally delivered, or upon being deposited in the United States mail, postage prepaid, certified with return receipt required, and shall be deemed to have been received on the earlier of the date shown on the receipt or three (3) business days after the postmarked date thereof, to the other party at the address of such other party set forth below or such other address within the continental United States as such other party may designate by specifically designating as a notice of change of address and given in accordance herewith. No notice of change of address shall be effective until the date of receipt thereof. Personal delivery to a partner or any officer, partnership, agent or employee of such party at said address shall constitute receipt. Rejection or other refusal to accept or inability to deliver because of changed address of which no notice has been given shall also constitute receipt. Any such notice, election, demand, request or response shall be addressed as follows:

If given to Lender:                          Bridgecap Equities LLC
                                             1706 Ave. M
                                             Brooklyn, New York 11230
                                             Attn: Nissim Ohayon, Principal

Copy *(does not constitute notice)* to:

Robinson Franzman, LLP
191 Peachtree St NE, Suite 2600
Atlanta, Georgia 30303
Attn: Todd N. Robinson

If given to Borrower:

Commercial Fitness Concepts LLC
5510 S 129TH E AVE
Tulsa, Oklahoma 74134
Attn: Brandon Outlaw, Manager

9.     GOVERNING LAW. This Note shall be governed by and construed in accordance with the laws of the State of Delaware. However, in the event that the enforceability or validity of any provision of this Note is challenged or questioned, such provision shall be governed by which whichever applicable state or federal law would uphold or enforce such challenged or questioned provision. Borrower waives any objection which they may have based on lack of personal jurisdiction, improper venue or forum non conveniens.

10.     SEVERABILITY. In the event that any clause or provisions of this Note is held to be invalid, illegal or unenforceable by any court of competent jurisdiction, the invalidity of such clause or provision shall not affect the validity, legality or enforceability any of the remaining portions or provisions of this Note. If feasible, the offending provision shall be considered modified so that it becomes legal, valid, and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Note.

11.     JOINT AND SEVERAL LIABILITY. If there is more than one Borrower, the liability of each Borrower under this Note shall be joint and several.

12.     WAIVER OF RIGHT TO JURY TRIAL. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, BORROWER WAIVES ANY RIGHT TO TRIAL BY JURY ON ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (a) ARISING UNDER THIS NOTE OR (b) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF BORROWER AND LENDER CONTEMPLATED IN THIS NOTE, IN CONTRACT OR TORT OR OTHERWISE. BORROWER ACKNOWLEDGES THAT THEY HAVE HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL REGARDING THIS SECTION, THAT THEY FULLY UNDERSTAND ITS TERMS, CONTENT AND EFFECT, AND THAT THEY VOLUNTARILY AND KNOWINGLY AGREES TO THE TERMS OF THIS SECTION.

13.     SUCCESSORS AND ASSIGNS. The promise from Borrower to pay Lender set forth in this Note shall bind Borrower's successors and assigns and shall inure to the benefit of Lender and its successors and assigns, including any and all subsequent holders of this Note.

14.     WAIVER BY BORROWER. In connection with any proceeding under this Note, Borrower waives (i) presentment for payment, demand, notice of demand, notice of non-payment, protest and notice of protest of the Note; and (ii) all rights to claim or recover attorney's fees and costs in the

event that Borrower is successful in any action to remove, suspend or prevent the enforcement of a judgment entered by confession.

15. AMENDMENTS AND APPROVALS. No amendment of any provision of this Note shall be effective unless the same shall be in writing and signed by Lender and Borrower. This Note may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought. Time is of the essence of this Note. Upon any change in the terms of this Note, no party who signs or guarantees this Note shall be released from liability unless otherwise expressly stated in writing.

16. LENDER EXPENSES. Borrower agrees to pay upon demand any and all of Lender's reasonable costs and expenses, actually incurred, in connection the enforcement of this Note, whether or not an action or claim is filed. Such Lender costs and expenses include, but are not limited to, Lender's reasonable attorneys' fees and legal expenses incurred in connection with litigation, alternative dispute resolution proceedings, bankruptcy proceedings, appeals, anticipated post-judgment collection services, any fees or costs as may be directed by a court of competent jurisdiction, discharging or paying all taxes, liens, claims of lien, security interests, encumbrances, and other claims at any time levied or placed on the collateral securing this Note. All such reasonable expenses actually incurred or paid by Lender as set forth herein will become part of the indebtedness secured by this Note and are payable on demand.

17. PREPAYMENT OF NOTE. If the entire principal or any portion of the Loan is paid on or before the date which is six (6) months after the date of the Note, Borrower shall also pay to Lender a prepayment premium equal to the total interest that would have accrued, at the Interest Rate, on the full disbursed principal amount hereunder, during the first six (6) months after the date of this Note, less any Payments of interest actually received by Lender. Borrower shall provide at least thirty (30) days' prior written notice to Lender in each instance of such prepayment of this Note. Subject to the foregoing, Borrower shall be permitted to prepay the outstanding principal balance of this Note in whole or part without penalty, premium, fee or charge. Prepayments of this Note will be first applied to any accrued unpaid interest, then to any outstanding fees or charges, and then to reduce the principal balance of this Note.

This Note is executed and delivered on July 10 , 2024.

BORROWER:

Commercial Fitness Concepts LLC,
an Oklahoma limited liability company

By: _____ (L.S.)
Brandon Outlaw, Manager

Witness