

EXHIBIT
E

## UNCONDITIONAL GUARANTEE OF PAYMENT AND PERFORMANCE

This Unconditional Guarantee of Payment and Performance (this "Guarantee") is executed and delivered on July ___, 2024 from BRANDON OUTLAW (the "Guarantor") to BRIDGECAP EQUITIES LLC ("Lender").

1.    GUARANTEE. In order to induce Lender to make a loan to COMMERCIAL FITNESS CONCEPTS LLC, an Oklahoma limited liability company (collectively, whether one or more, the "Borrower"), which extension of credit will be to the direct interest and advantage of Guarantor, Guarantor does hereby unconditionally guarantee to Lender and its successors and assigns: (i) the full and prompt payment, when due, whether by acceleration or otherwise, with such interest as may accrue thereon, either before or after maturity thereof, of that certain promissory note of even date in the original principal amount of TWO MILLION AND NO/100 DOLLARS ($2,000,000.00) (the "Note"), together with all future renewals, extensions, increases, substitutions and other modifications thereof; (ii) the full and prompt payment and performance of all obligations of Borrower to Lender under the terms of the Note and all other documents evidencing or securing the Note (collectively, the "Loan Documents"); and (iii) the continuing guarantee of all other amounts and obligations of Borrower and/or Guarantor to Lender under any agreement. Guarantor hereby covenants and agrees that if the Note is not paid by Borrower in accordance with its terms, or if all sums which are now or may hereafter become due from Borrower to Lender under the Note and Loan Documents are not paid by Borrower to Lender in accordance with their terms, Guarantor will immediately make such payments.

2.    PAYMENT AND PERFORMANCE. This Guarantee is of payment and performance and not of collection. The liability of Guarantor under this Guarantee shall be direct and immediate and not conditional or contingent upon the pursuit of any remedies against Borrower or any other guarantor or collateral securing the Note. Guarantor waives any right to require an action be brought against Borrower or any other guarantor or collateral securing the Note.

3.    EVENT OF DEFAULT. An event of default (an "Event of Default") shall be deemed to have occurred upon the occurrence of any event or condition which constitutes a default under the terms of the Note or the Loan Documents. Upon the occurrence of an Event of Default, Lender may declare the entire unpaid balance of the Note and all other indebtedness of Borrower to Lender, including but not limited to accrued interest, fees and other costs to be immediately due and payable without presentment, protest or further demand or notice of any kind, all of which are hereby expressly waived.

4.    REMEDIES. Lender may, following an Event of Default, in addition to declaring the entire unpaid balance of the Note and all other indebtedness of Borrower to Lender immediately due and payable, take all such other actions deemed necessary in the sole and absolute discretion of Lender. The rights, remedies, powers and privileges provided for in the Loan Documents shall not be deemed exclusive but shall be cumulative and shall be in addition to all other rights, remedies, powers and privileges in Lender's favor at law or in equity. Neither the failure nor delay on the part of Lender to exercise any right, remedy, power or privilege under this Guarantee, the Note or Loan Documents upon the occurrence of any Event of Default or otherwise shall operate as a waiver thereof or impair any such right, remedy, power or privilege of Lender. No waiver of any Event of Default shall affect

any later Event of Default or otherwise impair any rights of Lender. No single, partial or full exercise of any rights, remedies, powers and privileges by the Lender shall preclude further or other exercise thereof. No course of dealing between Lender and Guarantor shall operate as or be deemed to constitute a waiver of Lender's rights under this Guarantee, the Note or the Loan Documents or affect the duties or obligations of Guarantor thereunder.

5. **CONTINUING GUARANTEE**. This Guarantee shall continue in full force and effect until the Note has been paid in full and satisfied. In the event the indebtedness secured by the Note is partially paid by any reason of the election of Lender, this Guarantee shall nevertheless remain in full force and effect, and Guarantor shall remain liable for the entire unpaid balance of the Note. Guarantor shall have no right of subrogation to Lender against Borrower, and Guarantor hereby waives any rights to enforce any remedy which Lender may have against Borrower and any rights to participate in any security for the Note. Guarantor has executed this Guarantee individually and not as a partner of Borrower or of any other member of Borrower.

6. **SUBORDINATION**. Guarantor hereby subordinates all indebtedness owed from Borrower to Guarantor to all indebtedness owed from Borrower to Lender. Guarantor further covenants and agrees that it shall not demand or accept any payments from Borrower due on any indebtedness owed from Borrower to Guarantor unless without prior written consent from Lender.

7. **AMENDMENTS AND APPROVALS**. No amendment of any provision of this Guarantee, or consent by Lender to Guarantor for any departure thereof, shall be effective unless the same shall be in writing and signed by Lender and Guarantor, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given. This Guarantee shall be irrevocable by Guarantor so long as (i) the Note remains in effect; or (ii) all indebtedness guaranteed by this Guarantee has been completely repaid and all obligations of Guarantor have been completely performed. Time is of the essence of this Guarantee.

8. **NOTICES**. All notices, elections or demands permitted or required to be given under this Guarantee shall be in writing, signed by or on behalf of the party giving such notice, election or demand, and shall be deemed to have been properly given and shall be effective upon being personally delivered, or upon being deposited in the United States mail, postage prepaid, certified with return receipt required, and shall be deemed to have been received on the earlier of the date shown on the receipt or three (3) business days after the postmarked date thereof, to the other party at the address of such other party set forth below or such other address within the continental United States as such other party may designate by specifically designating as a notice of change of address and given in accordance herewith. No notice of change of address shall be effective until the date of receipt thereof. Personal delivery to a partner or any officer, partnership, agent or employee of such party at said address shall constitute receipt. Rejection or other refusal to accept or inability to deliver because of changed address of which no notice has been given shall also constitute receipt. Any such notice, election, demand, request or response shall be addressed as follows:

If given to Lender:                    Bridgecap Equities LLC
1706 Ave. M
Brooklyn, New York 11230

Attn: Nissim Ohayon, Principal

Copy *(does not constitute notice)* to:

Robinson Franzman, LLP
191 Peachtree St NE, Suite 2600
Atlanta, Georgia 30303
Attn: Todd N. Robinson

If given to Guarantor:

Brandon Outlaw
5510 S 129TH E AVE
Tulsa, Oklahoma 74134

9.    GOVERNING LAW AND PARTIES BOUND. This Guarantee shall be governed by and construed in accordance with the laws of the State of Delaware. However, if the enforceability or validity of any provision of this Guarantee is challenged or questioned, such provision shall be governed by whichever applicable federal or state law would uphold or enforce such challenged or questioned provision. Guarantor waives any objection which they may have based on lack of personal jurisdiction, improper venue or forum non conveniens.

10.    NO ASSIGNMENT BY GUARANTOR. No commitment or other agreement issued by Lender to Guarantor relating to Guarantor's rights under this Guarantee shall be assignable by Guarantor without the express prior written consent of Lender in its sole and absolute discretion.

11.    SEVERABILITY. If any clause or provisions of this Guarantee is held to be invalid, illegal or unenforceable by any court of competent jurisdiction, the invalidity of such clause or provision shall not affect the validity, legality or enforceability any of the remaining portions or provisions of this Guarantee. If feasible, the offending provision shall be considered modified so that it becomes legal, valid, and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Guarantee.

12.    COUNTERPARTS. This Guarantee may be executed in any number of counterparts, each of which shall be deemed to be an original, but all such separate counterparts shall together constitute but one and the same instrument.

13.    WAIVER OF RIGHT TO JURY TRIAL. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, GUARANTOR WAIVES ANY RIGHT TO TRIAL BY JURY ON ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (a) ARISING UNDER THIS GUARANTEE OR (b) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF GUARANTOR AND LENDER CONTEMPLATED IN THIS GUARANTEE, IN CONTRACT, TORT, OR OTHERWISE. GUARANTOR ACKNOWLEDGES THAT THEY HAVE HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL REGARDING THIS SECTION, THAT THEY FULLY UNDERSTAND ITS TERMS, CONTENT AND EFFECT, AND THAT THEY VOLUNTARILY AND KNOWINGLY AGREE TO THE TERMS OF THIS SECTION.

14.    SUCCESSORS AND ASSIGNS. All representations, warranties, covenants, and agreements by or on behalf of Guarantor contained in this Guarantee shall bind Guarantor's successors and assigns

and shall inure to the benefit of Lender and its successors and assigns. This Guarantee shall in no event be impaired by any change which may arise by reason of the death of Guarantor.

15.   WAIVER BY GUARANTOR. In connection with any proceeding under this Guarantee, Guarantor waives (i) all benefits under any present or future laws exempting any property, real or personal, or any part of any proceeds thereof from attachment, levy or sale under execution, including all homestead and exemption rights; (ii) presentment for payment, demand, notice of demand, notice of non-payment, protest and notice of protest of the Note and/or Guarantee; (iii) all rights to claim or recover attorney's fees and costs in the event that Guarantor is successful in any action to remove, suspend, or prevent the enforcement of a judgment entered by confession; (iv) the defense of the statute of limitations in any action hereunder or for the collection of the indebtedness or the performance of any obligation of this Guarantee; (v) any defense that may arise by reason of the incapacity, lack of authority, death or disability of Guarantor; (vi) the failure of Lender to file or enforce a claim against the estate (either in administration, bankruptcy, or any other proceeding) of Borrower; (vii) any defense based on the failure of Lender to give notice of the existence, creation or incurring of any new or additional indebtedness or obligation or of any action or non-action on the part of any other person whomsoever, in connection with any obligation hereby guaranteed; (viii) any defense based upon an election of remedies by Lender which destroys or otherwise impairs any subrogation rights of Guarantor or the right of Guarantor to proceed against Borrower for reimbursement, or both; (ix) any defense based upon failure of Lender to commence an action against Borrower; (x) any duty on the part of Lender to disclose to Guarantor any facts it may now or hereafter know regarding Borrower; (xi) acceptance or notice of acceptance of this Guarantee by Lender; (xii) any defense based on lack of due diligence by Lender in collection, protection or realization upon any collateral securing the indebtedness evidenced by the Note and/or Guarantee; and (xiii) all other notices and/or other legal or equitable defenses whatsoever to which Guarantor might otherwise be entitled.

16.   PAYMENTS. Guarantor hereby authorizes Lender, without notice to Guarantor, to apply all payments and credits received from Borrower and/or Guarantor or realized from any collateral in such manner and in such priority as Lender in its sole judgment shall see fit.

17.   INDEMNIFICATION OF LENDER. Guarantor agrees to indemnify, defend, and hold Lender and its officers, directors, employees, and agents harmless from and against all claims, suits, obligations, damages, losses, costs, expenses (including, without limitation, reasonable attorneys', architect's, and engineering fees), demands, liabilities, penalties, fines, and forfeitures of any nature whatsoever and whenever made that may be asserted against or incurred by Lender or its officers, directors, employees, and agents arising out of, relating to, or in any manner occasioned by, (i) this Guarantee and the Loan Documents; (ii) a breach by Guarantor of this Guarantee or the Loan Documents; or (iii) the exercise of the rights and remedies granted to Lender under this Guarantee or the Loan Documents.

18.   LENDER EXPENSES. Guarantor agrees to pay upon demand all of Lender's reasonable costs and expenses, actually incurred, in connection with the enforcement of this Guarantee and the Loan Documents, whether an action or claim is filed. Such Lender costs and expenses include, but are not limited to, Lender's reasonable attorneys' fees and legal expenses incurred in connection with litigation, alternative dispute resolution proceedings, bankruptcy proceedings, appeals, anticipated

post-judgment collection services, any fees or costs as may be directed by a court of competent jurisdiction, discharging or paying all taxes, liens, claims of lien, security interests, encumbrances, and other claims at any time levied or placed on the collateral securing the Note and/or this Guarantee. All such reasonable expenses actually incurred or paid by Lender as set forth herein will become part of the indebtedness secured by the Note and are payable on demand.

19.     NO RELEASE. Guarantor hereby consents and agrees that Lender may, at any time, without notice to or consent from Guarantor, either with or without consideration: (i) surrender any property or other security of any kind or nature securing the Note or Loan Documents; (ii) substitute for any collateral securing the Note or Loan Documents; (iii) modify the terms of the Note or the Loan Documents; (iv) extend or renew the Note for any period; (v) grant releases and/or compromises with respect to the Note or the Loan Documents; and (vi) release any other person or entity liable under the Note or Loan Documents. No such action which Lender shall take or fail to take in connection with this Guarantee, the Note or Loan Documents, nor any course of dealing with Borrower or Guarantor shall release Guarantor's obligations hereunder, affect this Guarantee in any way or afford Guarantor any recourse against Lender. The provisions of this Guarantee shall extend and be applicable to all renewals, amendments, extensions, consolidations and modifications of the Note and the Loan Documents, and all references herein to the Note and the Loan Documents shall be deemed to include any such renewals, extensions, amendments, consolidations or modifications thereof.

20.     JOINT AND SEVERAL LIABILITY. If there is more than one Guarantor, the liability of each Guarantor under this Guaranty and any other guaranty provided to Lender in conjunction with the Loan, shall be joint and several.

This Guarantee is executed and delivered on July _10_, 2024.

_____
Witness

_____(SEAL)
Brandon Outlaw, an individual