**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 25-cv-22149-JB**

FAST RESPONSE MARINE
TOWING & SALVAGE, LLC,

      Plaintiff,

v.

M/V TNT, a 2023 Tecnomar
Lamborghini 63, *in rem*, and,
COMMERCIAL FITNESS
CONCEPTS LLC, *in personam.*,

      Defendants,

_____/

BRIDGECAP EQUITIES LLC,
a Delaware limited liability company,

      Intervening Plaintiff,

v.

M/Y TNT – one 2023 19.97m Tecnomar
"LAMBORGHINI 63" motor yacht bearing
Official Number Y0208, along with its
inventory, engines, equipment, furnishings,
and other appurtenances, *in rem*, and
COMMERCIAL FITNESS CONCEPTS
LLC, *in personam*,

_____/

**ORDER ON MOTION FOR INTERLOCUTORY SALE AND**
**MOTION TO SET MINIMUM BID FOR INTERLOCUTORY SALE**

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Interlocutory

Sale of the M/V TNT filed on December 8, 2025, and Plaintiff's Motion to Set

Minimum Bid for Interlocutory Sale of the *M/V TNT* filed on April 29, 2026 (the

"Motions"). ECF Nos. [49], [93]. Defendants submitted a response to the Motion for Interlocutory Sale on December 17, 2025, and Plaintiff-Intervenor filed a response on April 2, 2026. ECF Nos. [51], [80]. Plaintiff subsequently replied to Defendants' response on December 19, 2025. ECF Nos. [52]. The Court held a hearing on the Motion for Interlocutory Sale on April 29, 2026. ECF No. [92]. After reviewing the Motions, memoranda, and arguments of counsel at the hearing, it is hereby **ORDERED AND ADJUDGED** that the Motions are **GRANTED**.

## I.   BACKGROUND

This admiralty action was initiated through a verified complaint that ultimately resulted in the arrest of the vessel the *M/V TNT*, a 2023 Tecnomar Lamborghini 63 bearing Hull Identification No.: TSGLY11DA223 (hereinafter the "Vessel" or "*TNT*"), on May 21, 2025. ECF Nos. [1], [9], [10].

Since the initial arrest of Defendant Vessel, and in light of Commercial Fitness Concepts, LLC's failure to post a bond, Defendant Vessel has been in the custody of Middle Point Marina since May 21, 2025. ECF Nos. [8], [9], [10]. Now, Plaintiff asks the Court to order an interlocutory sale because "the expense of keep the Vessel is disproportionate to its value, the Vessel continues to depreciate, and there has been an unreasonable delay in securing the release of the Vessel." ECF No. [49] at 7.

## II.   LEGAL STANDARD

Pursuant to Rule E(9)(a) of the Federal Supplemental Rules for Admiralty and Maritime Claims ("Supplemental Rules"), "[o]n application of a party . . . or other person having custody of the property, the court may order all or part of the property

sold—with the sales proceeds, or as much of them as will satisfy the judgments, paid into court to await further orders of the court." Such relief is warranted if: "(A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or disproportionate; or (C) there is an unreasonable delay in securing release of the property."

### III.   ANALYSIS

"Interlocutory sale is warranted by the establishment of just one of the conditions laid out in Supplemental Rule E(9)." *Naval Logistic, Inc. v. M/V Fam. Time, No.* 23-22379-CIV, 2024 WL 828124 (S.D. Fla. Feb. 27, 2024), *aff'd sub nom. Naval Logistics, Inc. v. M/V FAMILY TIME*, No. 24-13172, 2025 WL 1733999 (11th Cir. June 23, 2025). Here, Plaintiff argues that the interlocutory sale of Defendants' Vessel is warranted because (1) there was an unreasonable delay in securing the Vessel's release, (2) the expenses of keeping the Vessel under arrest are disproportionate, and (3) the Vessel continues to disintegrate and otherwise depreciate.   ECF No. [49] at 4−7.   As any one reason would justify an interlocutory sale, the Court agrees that Plaintiff's Motion for Interlocutory Sale should be granted. It has now been five months since this Court issued an Order setting a release bond on the Vessel and it has been close to a year since the Vessel was first arrested. Accordingly, the Court finds that an interlocutory sale is appropriate due to unreasonable delay in securing the Vessel's release.

Additionally, the parties have jointly agreed to a minimum bid amount for the

Vessel, indicating their agreement on the sale.    ECF No. [97].

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Interlocutory Sale, ECF No. [49], and Plaintiff's Motion to Set Minimum Bid for Interlocutory Sale of the M/V TNT, ECF No. [93] are **GRANTED.**

2. The United States Marshal is directed to sell to the highest bidder at public auction, *M/V TNT*, her engines, tackle, boats, appurtenances, etc., on or before May 29, 2026.

3. The United States Marshal is directed to prepare and cause to be published the Notice of Sale of Vessel, in the usual form as used by the United States Marshal for vessel sales in this District and incorporating the provisions of this Order.

4. The Notice of Sale shall be published on at least two (2) different days, the first publication shall be at least fourteen (14) days prior to the date of sale, and the second at least seven (7) days prior to the date of the sale, pursuant to Local Admiralty Rule E(16)(b). The cost of publication shall construe the first charge against the proceeds of any claims.

5. The parties are authorized to publish the Notice of Sale and engage in other appropriate advertising in such other specialized publications as the parties mutually agree, with cost of this additional advertising to be shared equally.   The minimum bid shall be **$1,400,000**. If the minimum bid is not achieved, the parties shall report to the Court within ten (10) days of the date of the attempted sale.

6. The Court shall retain jurisdiction over the Parties and subject matter herein for the purposes of considering confirmation of the expected sale of the *in rem* Defendant by the United States Marshal.

7. The Vessel's sale shall be "as is, where is" and free and clear of all liens and encumbrances, and preexisting claims on the vessel, whether recorded or otherwise.

8. The sale of the Vessel shall be conducted pursuant to Local Admiralty Rule E(17) of the Southern District of Florida.

9. Any and all proceeds from the sale shall be placed into the Court's registry upon further order of the Court.

10. Plaintiff is directed to serve a copy of this Order on the United States Marshal.

**DONE AND ORDERED** in Miami, Florida this 1st day of May, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**