UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**"IN ADMIRALTY"**

CASE NUMBER: 1:25-cv-22149-JB

FAST RESPONSE MARINE
TOWING & SALVAGE, LLC,

      Plaintiff,

v.

M/V TNT, a 2023 Tecnomar
Lamborghini 63, *in rem*, and,
COMMERCIAL FITNESS
CONCEPTS LLC, *in personam*,

      Defendants.

_____

BRIDGECAP EQUITIES LLC,
a Delaware limited liability company,

      Intervening Plaintiff,

v.

M/Y TNT – one 2023 19.97m Tecnomar
"LAMBORGHINI 63" motor yacht bearing
Official Number Y0208, along with its
inventory, engines, equipment, furnishings,
and other appurtenances, *in rem*, and
COMMERCIAL FITNESS CONCEPTS
LLC, *in personam*,

      Defendants.

_____/

**<u>PLAINTIFF'S STATUS REPORT AND MOTION TO REDUCE MINIMUM
BID FOR INTERLOCUTORY SALE OF THE M/V TNT WITH
SUPPORTING MEMORANDUM OF LAW AND EXPEDITED BRIEFING</u>**

COLE, SCOTT & KISSANE, P.A.
222 LAKEVIEW AVENUE – SUITE 500 – WEST PALM BEACH, FL 334401

Plaintiff, FAST RESPONSE MARINE TOWING & SALVAGE LLC ("Fast Response"), by and through undersigned counsel, and pursuant to this Court's Order On Motion For Interlocutory Sale and Motion to Set Minimum Bid for Interlocutory Sale [DE 98], and hereby files this Status Report and Plaintiff's Motion to Reduce Minimum Bid for the Interlocutory Sale of the Defendant Vessel and Request for Expedited Briefing, and as grounds, states:

1.      On May 1, 2026, the Court entered an Order on Plaintiff's Motion For Interlocutory Sale and Motion to Set Minimum Bid for Interlocutory Sale [DE 98] which granted Plaintiff's Motion for Interlocutory Sale [DE 49] and Plaintiff's Motion to Set Minimum Bid for Interlocutory Sale of the M/V TNT [DE 93].  The Minimum Bid was thereupon set by the Court at **$1,400,000**. *Id.*

2.      Therein, the Court likewise Ordered the following: "If the minimum bid is not achieved, the parties shall report to the Court within ten (10) days of the date of the attempted sale." [DE 98].

3.      The sale was attempted on May 28, 2026.  On June 3, 2026, the U.S. Marshal filed a Return on Order of Sale which advised the Court that there was no sale and no bidders. See [DE 114].

4.      In light of the failure to sell and the fact that no bids were placed shows that the higher minimum bid likely chilled the sale.  As such, Plaintiff respectfully requests that another sale be ordered as soon as possible and further requests that the Minimum Bid be reduced to **$1,000,000.**

5.      Plaintiff further notes as a part of its Status Report that it has requested in several motions for an increase to the bond to reflect the additional *custodia legis* fees which have continued to accrue at a rate of $342.55 per day plus sales tax of 7% and other standard charges

for any necessary repairs of the Vessel or other services that may be required to maintain its condition so long as it remains in MPM's custody.  See e.g., [DE 61], [DE 66], [DE 69], [DE 93].

6.        In equity, and consistent with the principles underlying bonds, the minimum bid should ensure the interlocutory sale brings an amount sufficient to serve as substitute security for Plaintiff's claims. Such an amount in this case would be approximately $963,000.[1]

7.        In the case *20th Century Fox Film Corp. v. M.V. Ship Agencies*, 992 F. Supp. 1434 (M.D. Fla. 1997), Judge Corrigan (then sitting as magistrate judge) was faced with a dispute between the parties over the setting of a minimum bid—with the plaintiff requesting it be set at no more than the value of its claim of $200,000, and the defendant requesting it be set at $500,000 to protect its equity in the vessel. He recommended that "to protect both the plaintiff and defendants' interest in having the vessel sold for a high enough price to cover all potential claims and expenses (including costs of sale)[,]" the minimum bid should be set at $300,000. In coming to that number, he calculated that "the claim amount and custodial charges …will exceed $250,000." He "reject[ed] defendants' efforts to establish a higher floor price, believing the market will determine whether a higher price can be obtained… [and] [t]o aid the working of the market… recommend[ed] the parties be authorized to engage in mutually agreeable extra advertising to try to stimulate buyer interest." *Id*.  The District Judge adopted the Report & Recommendation. *Id*.

8.        Plaintiff has incurred *custodia legis* expenses totaling $131,119.95 up through April 28, 2026, and further incurred an additional $11,362.38 through the date of the original scheduled

---

[1] This amount breaks down to $720,000 + $136,715.13 in custodia legis expenses to MPM (custodian) (**calculated through May 29, 2026**) + $5,767.20 in custodia legis expenses to U.S. Marshal (insurance) + $86,400 ((6% of $720,000)* 2) (interest over two years) = $948,882.33.  Plaintiff notes that the U.S. Marshal may request additional amounts prior to the actual sale, which amount is approximately an additional $1,000 - $4,000.   Since the Vessel did not sell, another 30 days would further increase this amount approximately $11,000, making the total approximately **$963,000** (through June 28, 2026)**.**

COLE, SCOTT & KISSANE, P.A.
222 LAKEVIEW AVENUE – SUITE 500 – WEST PALM BEACH, FL 334401

sale.  Given that it has not sold, another 30 days is likely to occur, reflecting an additional approximate $11,362.38.

9.      The Parties in discussing the increase to the bond previously, Plaintiff and Defendants previously stipulated that a bond should be posted in the amount of $899,000.  This discussion occurred prior to the now continued increases resulting from the lack of sale.  See [DE 93].  Plaintiff does not waive any of its rights to seek additional amounts relating to the continued *custodia legis* expenses which continue to accumulate.

10.     Although the Defendants have represented that there is a buyer interested in the Vessel and said buyer was contemplating posting the bond on Defendant's behalf, the buyer did not bid at the sale on May 28, 2026.

11.     Although the Parties previously agreed to a minimum bid of $1,400,000 in an effort to avoid continued motion practice due to Plaintiff-Intervenor's opposition, the sale was unsuccessful at the higher minimum bid of $1,400,000 requested by Plaintiff-Intervenor.

12.     In light of the same and a**s previously stated in its original Motion [DE 93],** and following the same principles from *20th Century Fox Film Corp.*, Plaintiff and Defendants had previously **agreed that the minimum bid should be set at $1,000,000 which Plaintiff submits the Minimum Bid should be reduced accordingly.**  Defendants now oppose that requested reduction.

13.     The Parties have conferred regarding this Motion and the reduction to the minimum bid. Defendants and Plaintiff-Intervenor Bridgecap Equities, LLC each oppose the reduction requested by Plaintiff.

14.     Plaintiff further requests the Court to Order the sale of the vessel to occur again as soon as practical with all the same protections reflected by the Court's Prior Order [DE 98].

15.     Plaintiff files the instant Motion to ensure that its interests are protected and to comply with the Court's Order [DE 98].

16.     Plaintiff further respectfully requests this Honorable Court set an Expedited Briefing schedule as it relates to the instant Motion in light of the Vessel still being under arrest for now over a year and in order to avoid incurring additional custodial costs and expenses from a regular briefing schedule.

WHEREFORE, Plaintiff, FAST RESPONSE MARINE TOWING & SALVAGE LLC, respectfully requests this Honorable Court reduce the minimum bid for the Interlocutory Sale of the Defendant Vessel to $1,000,000, order the sale to be performed again as soon as possible with same protections as Court Order [DE 98], and order expedited briefing, in addition to any further relief deemed just and proper.

## CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 7.1

The undersigned certifies that he provided a copy of the instant Plaintiff's Status Report and Motion via email on June 8, 2026 to all Parties, further conferred with counsel for the Defendants, Michael Del Duca, Esq. via email and telephone on June 8, 2026, and conferred with counsel for Plaintiff-Intervenor, Michael Perry, Esq. on June 8, 2026 via email and in furtherance of compliance as requested by this Court [DE 98].   In response, Defendants and Plaintiff-Intervenor, Bridgecap Equities, LLC stated that they oppose the relief as requested.  Plaintiff files the instant motion to comply with the Court's Order [DE 98].

**Dated:  June 8, 2026.**

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A
*Counsel for Plaintiff, Fast Response*
*Marine Towing & Salvage, LLC*
222 Lakeview Avenue, Suite 500
West Palm Beach, FL 33401
Telephone (561) 612-3479
Facsimile (561) 683-8977
Primary e-mail: barry.postman@csklegal.com
Secondary e-mail: justin.edell@csklegal.com
Alternative e-mail: patricia.martel@csklegal.com

By:     */s/ Justin D. Edell*
         BARRY A. POSTMAN
         Florida Bar No.: 991856
         JUSTIN D. EDELL
         Florida Bar No.: 105105

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of June, 2026, I electronically filed the foregoing document with the US District Court, Southern District of Florida, using the CM/ECF system which will send a notification of such filing to all counsel of record.

By:   */s/ Justin Edell*
        BARRY A. POSTMAN
        Florida Bar No.: 991856
        JUSTIN D. EDELL
        Florida Bar No. 105105