**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**IN ADMIRALTY**

CASE NO.: 1:25-CV-22149-JB

FAST RESPONSE MARINE TOWING & SALVAGE, LLC,

Plaintiff,

v.

M/V TNT, a 2023 Tecnomar Lamborghini 63, *in rem*, and COMMERCIAL FITNESS CONCEPTS LLC, *in personam*,

Defendants,

---

BRIDGECAP EQUITIES LLC,
a Delaware limited liability company,

Intervening Plaintiff,

v.

M/V TNT, – one 2023 19.97m Tecnomar "LAMBORGHINI 63" motor yacht bearing Official Number Y0208, along with its inventory, engines, equipment, furnishings, and other appurtenances, *in rem*, and COMMERCIAL FITNESS CONCEPTS LLC, *in personam*,

Defendants.

_______________________________________/

**PLAINTIFF FAST RESPONSE MARINE TOWING & SALVAGE, LLC's MOTION TO STRIKE AND/OR EXCLUDE DEFENDANTS' EXPERT CAPTAIN DAVID E. GHIDONI OR, IN THE ALTERNATIVE, DAUBERT MOTION TO STRIKE AND/OR EXCLUDE EXPERT OPINIONS OF DEFENDANTS' EXPERT CAPTAIN DAVID E. GHIDONI**

Plaintiff, FAST RESPONSE MARINE TOWING & SALVAGE, LLC ("Fast Response"), by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and 37(c)(1), Local Rule 16.1(b)(6), this Court's Orders [DE 26, 91, 112, and 128], and the Federal Rules of Evidence 702, hereby files this Motion to Strike and/or Exclude Defendants' Expert Captain David E. Ghidoni, or in the alternative, Plaintiff's Daubert Motion to Strike and/or Exclude Expert Opinions of Defendants' Expert Captain David E. Ghidoni, and in support thereof, states as follows:

1. This is a Maritime Action arising from Plaintiff's May 3, 2025, salvage of the Defendant M/V TNT, a 2023 Tecnomar Lamborghini 63 pleasure vessel, bearing Hull Identification No.: TSGLY11DA223, owned by Defendant Commercial Fitness Concepts, LLC. [DE 1].

2. On May 9, 2025, Plaintiff initiated the above-styled action against the Defendants seeking a salvage award and to enforce a maritime salvage lien. See Verified Complaint [DE 1].

3. The Vessel's Owner, Commercial Fitness Concepts, LLC (referred herein as the "CFC"), appeared for itself and the Vessel on June 4, 2025. *See* [DE 11], [DE 12].

4. On July 18, 2025, this Court issued its Order Setting Trial, Calendar Call, Reference to Magistrate Judge, Pretrial Deadlines, and Pretrial Procedures. *See* [DE 26].

5. The Court's Order [DE 26] provided the requirements for compliance and deadlines for the timing of expert (and similarly rebuttal expert) disclosures as follows: "Parties shall exchange a written list containing the names, addresses, and summaries/reports of any expert (or rebuttal expert) witnesses intended to be called at trial. Only those expert witnesses listed shall be permitted to testify. The summaries/reports shall include the information required by Fed. R. Civ. P. 26(a)(2); lists of the expert's qualifications to be offered at trial, publications and writings, style

of the case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." *Id.*

6. The Court's Order [DE 26] warns that "**NON-COMPLAINCE WITH ANY PROVISION OF THIS ORDER MAY SUBJECT THE OFFENDING PARTY TO SANCTIONS OR DISMISSAL**." See [DE 26] (emphasis original).

7. These deadlines were amended by this Court's Order [DE 91] which also included that the Parties shall complete discovery by July 29, 2026.[1]

8. Certain deadlines were further amended by this Court's Order [DE 112]. Relevantly, the Court's Order [DE 112] required the disclosure of experts by June 5, 2026 and rebuttal experts by July 6, 2026.[2]

9. Certain deadlines were further amended by this Court's Order [DE 128], amending the dispositive motion deadline and the deadline for motions to exclude or limit experts. See [DE 128].

10. On June 5, 2026, Defendants provided their expert disclosures. These disclosures included the disclosure of Captain David E. Ghidoni and provided his report; however, the same failed to provide the supporting documents referenced therein necessitating this Motion including Defendants' expert's failure to properly identify the facts and data considered in forming his opinions as required by Fed. R. Civ. P. 26(a)(2)(B).

11. As such, and pursuant to this Court's Order [DE 128], Plaintiff seeks to strike and/or exclude Defendants' expert Captain David E. Ghidoni opinions and testimony due to

---

[1] Later amendments to the Court's Order did not change the deadline for the completion of discovery.
[2] Later amendments to the Court's Order did not change the deadline for the expert and rebuttal expert disclosures.

Defendants' failure to comply with Rules 26(a)(2)(B) and 37, Local Rule 16.1(b)(6), and this Court's Orders.

12. On August 28, 2026 at 4:56 PM, which is the date of the deadline for the Parties to submit Motions to exclude experts and/or Daubert Motions, Defendants produced some, but not all, of the supporting documents referenced by Ghidoni's report. Plaintiff's requested relief under *Daubert* is requested in light of the severely late disclosure at 4:56 PM on the day of the deadline.

13. Specifically, upon review of the documents newly provided, it became clear that the expert disclosure itself contains obvious inconsistencies and ultimately revealed that Defendants' expert's methodology is flawed.

14. Specifically, Defendants' expert's methodology is defective as he purposefully ignored the conclusion of the damages report he claims he relied upon in his report. That late-disclosed document identified $1.1 Million as the needed repairs for the Subject Vessel. Instead, Defendants' expert opted to rely on a separate estimate provided by a separately proffered expert who provided an estimate of needed repairs to be **$2,470,388.95,** clearly mixing and matching and ultimately choosing to use what benefited Defendants' position**.**

15. Therefore, Plaintiff is compelled to raise, in the alternative, relief under *Daubert* despite the very short timeframe to do so in light of the Court's August 28, 2026 deadline [DE 128] and respectfully requests the Court to enter an Order, in the alternative under Daubert, excluding Defendants' expert Captain David E. Ghidoni's opinions, including but not limited to any reports or testimony, and to grant such other relief deemed just and proper.

## **MEMORANDUM OF LAW**

### I. Legal Standard

Local Rule 16.1(b)(6) states:

> *Compliance with Pretrial Orders*. Regardless of whether the action is exempt pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), the parties are required to comply with any pretrial orders by the Court and the requirements of this Local Rule including, but not limited to, orders setting pretrial conferences and establishing deadlines by which the parties' counsel must meet, prepare and submit pretrial stipulations, complete discovery, **exchange reports of expert witnesses**, and submit memoranda of law and proposed jury instructions.

S.D. Fla. L. R. 16.1(b)(6) (emphasis added); see also S.D. Fla. L. R. 16.1(l) (stating: "Penalty for Failure to Comply. Failure to comply with the requirements of this Local Rule will subject the party or counsel to appropriate penalties, including but not limited to dismissal of the cause, or the striking of defenses and entry of judgment.").

Federal Rule of Civil Procedure 26(a)(2)(B) states:

> *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). These disclosures must be made "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Furthermore, the purpose of Rule 26's expert disclosure requirements is to ensure that opposing parties have a reasonable opportunity to prepare

for cross-examination and to arrange for rebuttal expert testimony. *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008).

Federal Rule of Civil Procedure 37(c)(1) states:

> *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). The Sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) are as follows:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or…[3]

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

The purpose of Rule 37 sanctions is to prevent unfair prejudice to parties and protect the integrity of the discovery process. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1375 (11th Cir. 1999). In *Larry v. City of Mobile, Alabama*, the Eleventh Circuit noted: "[i]t is not plain or obvious whether the Eleventh Circuit law provides for a mandatory and automatic exclusion if the failure to disclose was neither substantially justified nor harmless, or whether our law allows a

[3] Fed. R. Civ. P. 37(c)(1)(C) excludes (vii) from the sanctions under that specific provision.

district court discretion to apply a lesser sanction instead of exclusion even under those circumstances. *Larry v. City of Mobile, Alabama*, No. 22-11697, 2023 WL 4541020, at *2 (11th Cir. July 14, 2023) (also citing *Taylor*, 940 F.3d at 603-06 (controlling concurring opinion by J. Carnes, J.) (pointing to the conflict in the circuits on the issue of whether the exclusion of evidence is mandatory and automatic in the absence of substantial justification or harmlessness, and, at 606, "leav[ing] for another day a more dispositive ruling as to the circumstances under which a litigant's violation of Rule 37(c)(1) should result in automatic exclusion of undisclosed evidence.").

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Mitchell v. Ford Motor Co.,* 318 Fed.Appx. 821, 824 (11th Cir.2009) (citing *Leathers v. Pfizer, Inc.,* 233 F.R.D. 687, 697 (N.D.Ga.2006)).

In addition, Courts consider several factors in determining whether a Rule 26 violation is harmless, including (1) the surprise to the opposing party; (2) the ability to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the explanation for the failure to disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012).

Further, Courts in this District have applied Rule 37(c)(1) to exclude expert testimony where the disclosure was untimely and prejudicial. See *Young v. Lexington Ins. Co.*, 269 F.R.D. 692, 693–95 (S.D. Fla. 2010) (Court struck a party's experts when they failed to disclose the expert timely without justifiable delay, finding the violation unjustified and harmful because the defendant was deprived of a meaningful opportunity to take expert discovery without "overhauling" the case management schedule); see also *Shire Dev. LLC v. Watson Pharms., Inc.,* 932 F. Supp. 2d 1349, 1357 (S.D. Fla. 2013) (noting another factor is the prejudice to the opposing party if the witness is allowed to testify).

Finally, pursuant to Fed. R. Evid. 702, an expert witness may testify in the form of an opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data, (c) the testimony is the product of reliable principles and methods, and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. Fed. R. Evid. 702.

## II. Defendants' Expert Captain David E. Ghidoni Should be Stricken and/or Excluded as an Expert in this Litigation.

This Motion is based on a timely disclosed expert's failure to comply with Rule 26(a)(2)(B) and is being filed in accordance with this Court's Order [DE 26], as amended by several Court Orders including Court Order [DE 128] which required the Parties to file any motions to exclude or limit proposed expert testimony no later than Friday, August 28, 2026. See [DE 26, 91, 112, and 128]; see also e.g., *Young v. Lexington Ins. Co.*, 269 F.R.D. 692, 693–95 (S.D. Fla. 2010) and *Dyett v. N. Broward Hosp. Dist.*, No. 03-60804-CIV, 2004 WL 5320630, at *2 (S.D. Fla. Jan. 21, 2004). This Motion is also based, in the alternative, on *Daubert*, due to Captain David E. Ghidoni's use of unreliable methodologies in formulating his opinions which were revealed as the result of a late-disclosed document (at 4:56 PM on the Court Ordered Deadline for *Daubert* Motions) necessitating its inclusion into this Motion despite the shortened timeframe.

Captain Ghidoni's report references that it was a desktop appraisal and indicates reliance on 1) a damages report provided by an individual named John Healy, 2) an estimate to repair the vessel produced by Foster's Yacht Service, 3) various photos, 4) something he refers to as the BUC Value Pro System, 5) the Soldboats.com subscription-based valuation website, 6) broker listings of sistership vessels currently for sale, and 7) several other [unidentified] internet publications along with the published Powerboat Guide.

Here, Defendants were aware that they disclosed Captain Ghidoni's Expert Report without identifying the facts or data in the report or otherwise complying with the Court's Order. As of the time of the expert disclosures on June 5, 2026, Defendants only provided the expert's written report alongside #2 listed above (as Defendants' proffer Foster and his repair estimate as a second expert). None of the supporting documents listed above as referenced in numbers 1, 3, 4, 5, 6, or 7 were produced. Defendants took no steps to provide those documents, confer over the fact they were missing, or otherwise file a motion with the court for any sort of extension.

Upon Plaintiff's conferral efforts, which included email and telephonic conferral on different dates, Defendants provided certain supporting documents to Plaintiff **at 4:56 PM** today (on August 28, 2026). Even so, Defendants only partially provided the missing supporting documents. Specifically, Defendants now provided #1, a 10-page damages report purportedly from John Healy – **an individual who has not been noticed or disclosed as an expert by Defendants**, and #3 – 59 pages reflecting 118 photographs**. Defendants still have not provided the other documentation for which their expert purportedly relies in order to even provide any of his opinions** despite the requirements set forth by this Court's Orders and the Federal Rules of Civil Procedure.

What is even more egregious here is that the damages report provided by John Healy for which Defendants' expert seemingly relies, estimates "**that the Transport fees, storage fees, and replacement or repair of all items included in the scope of damages is estimated to cost approximately USD $1,100,000.00.**" Instead of relying on the conclusions of this "damages report" – a name which descriptively identifies the purpose of the report which was seemingly to determine possible damages and repairs – Defendants picked and chose to retain a separate individual as an expert. This second individual, Dennis Foster, provided an estimate which

included an obviously inflated repair cost of **$2,470,388.95** – a number **more than double** of what was estimated by Expert Ghidoni's colleague at Sedgewick. Defendants have improperly shielded from Plaintiff the facts and data that their expert considered because it **heavily contradicts their stated position of the post-casualty value in this litigation** - information which by this Court's Order and the Federal Rules was required to be **timely** disclosed. This failure to disclose is highly prejudicial on a critical issue in this litigation.

Under *Daubert*, and in determining admissibility of an expert's opinions and/or testimony, a district court must consider whether: (1) the expert is qualified to testify competently regarding matters he intends to address; (2) the methodology by which expert reaches his conclusions is sufficiently reliable as determined by sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through application of scientific, technical, or specialized expertise, to understand evidence or to determine fact in issue. See *Simmons v. Ford Motor Co.,* 576 F. Supp. 3d 1136 (S.D. Fla. 2021)(citing Fed. R. Evid. 702).

Here, Defendants' Expert's opinions are unreliable and must be excluded. *See Havana Docks Corp. v. Carnival Corp.,* No. 19-CV-21724, 2022 WL 1642756, at *10 (S.D. Fla. Apr. 1, 2022)(citing *DAGS II, LLC v. Huntington Nat'l Bank*, 865 F.3d 384, 389-90 (6th Cir. 2017) (affirming exclusion of expert testimony because the expert's departure from accepted appraisal methodology was not justified); *see also McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1255 (11th Cir. 2005) (reversing district court's decision to admit expert testimony at trial because neither expert "utilized a reliable methodology")). Defendants Expert **specifically identifies he relied upon the damages report from John Healy, yet, purposefully made no mention in his report of the conclusion of that damages report in reaching his alleged expert opinions and conclusions**. This purposeful exclusion is reflective of the fact that his expert opinion is not based

on sufficient facts or data because he purposefully excluded bad facts and data – which also calls into question **any sort of reliability** to his application of such methodology to the facts of the instant case as required by Fed. R. Evid. 702.

Here, Defendants' expert picked and chose to form his opinion based upon the substantially higher number reflected by the estimate for cost of repairs from a single separate third-party because it better assisted Defendants' position on post-casualty value while purposefully shielding or excluding contradicting information and data. Plaintiff's surprise upon the revelation of the information in this supporting document following its receipt of this document at 4:56 PM on the day that motions to strike experts, including *Daubert* motions, is due is substantial. On its face, these actions undeniably throw into question the methodologies utilized by Expert Ghidoni.

## **CONCLUSION**

"Disclosure of expert testimony" within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing "a complete statement of all opinions" and "the basis and reasons therefor." See *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008)(citing Fed. R. Civ. P. 26(a)(2)(B)). Further, Rule 26's disclosure requirement exists to ensure that opposing parties have a "reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *Id.* at 1265. Defendants have been deprived of that opportunity here as Defendants' experts' basis for his opinions was purportedly based upon various records which were not – and many which still have not – been produced in this litigation, timely or otherwise and which facts and data were not reflected in his report.

This type of unjustifiable delay from Defendants has been consistent across numerous issues in this litigation. Here, Plaintiff is undeniably prejudiced and the Defendants' failure cannot

be viewed as substantially justified or harmless under these circumstances. The expert disclosure deadline and rebuttal deadline has long since passed, the close of discovery has also long since passed, and the Parties are presently scheduled for calendar call in less than two months on October 20, 2026.

Defendants' counsel has offered no justifiable explanation for the failure to comply with Rule 26(a)(2)(B) even though Captain Ghidoni provided Defendants his report seemingly on or about September 17 2025 (the date listed on the report).[4] Instead, during telephonic conferral on August 28, 2026, Defendants' counsel represented that **today (August 28, 2026),** was the first day that their expert had provided them with these supporting documents and then Defendants produced the same today at 4:56 PM. Review of the late-produced document reflected obvious inconsistencies that now further raised issues under *Daubert*, necessitating Plaintiff to request relief in the alternative under *Daubert* in light of the circumstances.

WHEREFORE, Plaintiff FAST RESPONSE MARINE TOWING & SALVAGE, LLC, respectfully requests that this Honorable Court enter an Order striking and/or excluding Defendants' Expert, Captain David E. Ghidoni, for Defendants' failure to comply with this Court's Orders and the Federal Rules of Civil Procedure including but not limited to any other relief as necessary under Fed. R. Civ. P. 37, or, in the alternative, enter an Order striking and/or excluding Defendants' Expert, Captain David E. Ghidoni's report, in its entirety, including all opinions, testimony, and conclusions contained therein, and that this Honorable Court grant such other and further relief as it deems just and proper.

**LOCAL RULE 7.1(A)(3) CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(A)(3), Rules 26 and 37 of the Federal Rules of Civil Procedure,

[4] Defendants filed this report with the Court as an attachment to their Motion to Set Release Bond on September 26, 2025 [DE 30].

and this Court's Orders [DE 26, 91, 112, and 128], the undersigned counsel represents that he conferred with Defendants' counsel via email and telephone. Defendants' counsel, Michael Del Duca, Esq., stated that he opposes the relief requested by this Motion.

**Dated: August 28, 2026.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of August 2026, t a true copy and correct copy of the foregoing as filed with the Clerk of the Court by using the CM/ECF system, which will send an automatic email to: James Perry, Esq. / Michael Perry, Esq., Perry Maritime Law Group, P.A., 1650 SE 17th St., Suite 200, Fort Lauderdale, FL 33316, michaelperry@maritimeattorneys.com, perry@maritimeattorneys.com; Michael Del Duca, Esq. / Richard J. McAplin, Esq. / Geoge S. Florez, Esq., McAlpin Florez Marcotte, P.A., 80 SW 8th Street, Suite 2805, Miami, Florida 33130, mdelduca@mfm-maritime.com, rmcalpin@mfm-maritime.com, gflorez@mfm-maritime.com, dduran@mfm-maritime.com.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Plaintiff* Fast Response
Esperante Building
222 Lakeview Ave., Suite 500
West Palm Beach, Florida 33401
Telephone: (561) 612-3479
Facsimile: (561) 683-8977
Barry.postman@csklegal.com
Justin.edell@csklegal.com
Patricia.martel@csklegal.com

By: */s/ Justin D. Edell*
JUSTIN D. EDELL
FLORIDA BAR NO.: 105105
BARRY A. POSTMAN
FLORIDA BAR NO.: 991856