UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**"IN ADMIRALTY"**

CASE NUMBER: 1:25-cv-22149-JB

FAST RESPONSE MARINE
TOWING & SALVAGE, LLC,

Plaintiff,

v.

M/V TNT, a 2023 Tecnomar
Lamborghini 63, *in rem*, and,
COMMERCIAL FITNESS
CONCEPTS LLC, *in personam*,

Defendants,

---

BRIDGECAP EQUITIES LLC,
a Delaware limited liability company,

Intervening Plaintiff,

v.

M/Y TNT - one 2023 19.97m Tecnomar
"LAMBORGHINI 63" motor yacht bearing
Official Number Y0208, along with its inventory,
engines, equipment, furnishings, and other
appurtenances, *in rem*, and, COMMERCIAL
FITNESS CONCEPTS LLC, *in personam*,

Defendants,

_______________________________________/

**_JOINT_ MOTION FOR CONTINUANCE OF TRIAL**
**AND REMAINING DEADLINES**

Defendants, M/V TNT, a 2023 Tecnomar Lamborghini 63, *in rem*, and COMMERCIAL FITNESS CONCEPTS LLC, *in personam*, Plaintiff, FAST RESPONSE MARINE TOWING & SALVAGE, LLC, and Intervening Plaintiff BRIDGECAP EQUITIES LLC., (collectively the

"Parties") jointly and respectfully request a 90-day continuance of trial and entry of an amended scheduling order granting a corresponding 90-day extension of all pertinent pre-trial deadlines. As good cause for the requested relief, the Parties submit that lead trial counsel for Defendants and lead trial counsel for Plaintiff are presently both dealing with health issues (further explained below) and, as a result, will not be medically capable of preparing for and trying this matter as currently scheduled. The Parties state:

1. On April 28, 2026, this Honorable Court entered an Order amending the scheduling order, and in pertinent part, set the following remaining deadlines:

- **Joint Pretrial Stipulation**: October 13, 2026
- **Bench Trials: Proposed Findings of Fact and Conclusions of Law**: October 16, 2026
- **Calendar Call**: October 20, 2026
- **Bench Trial**: October 26, 2026, at 9:30 a.m.

2. The Parties respectfully acknowledge that the instant Motion is not timely pursuant to Court Order [D.E. 26], as it is not filed at least thirty (30) days prior to the scheduled trial date. However, the health issues giving rise to this Motion arose and/or continued to persist within the past two weeks and could not reasonably have been anticipated in time to comply with that deadline. The Parties state that these extenuating circumstances reflect an urgent need for relief from the Court.

3. In light of the foregoing, and for the reasons set forth herein and below, the Parties respectfully request that this Honorable Court grant a 90-day extension of trial and corresponding pre-trial deadlines as follows:

| Event | Current Deadline | Requested Deadline |
|---|---|---|
| Joint Pretrial Stipulation | October 13, 2026 | January 11, 2027 |

| | | |
|---|---|---|
| Bench Trials: Proposed Findings of Fact and Conclusions of Law | October 16, 2026 | January 15, 2027 |
| Calendar Call | October 20, 2026 | January 19, 2027 |
| Trial Docket | October 26, 2026 | January 25, 2027 |

4. This Motion is made in good faith and not for any improper purpose, nor will it prejudice any party. Richard J. McAlpin, lead trial counsel for Defendants, and Barry A. Postman, lead trial counsel for Plaintiff, are each currently dealing with health conditions that require ongoing medical treatment. As a result, neither will be able to undertake the physical demands of final trial preparation, the Joint Pretrial Stipulation, the Proposed Findings of Fact and Conclusions of Law, Calendar Call, and Bench Trial under the current schedule.

5. Specifically, lead trial counsel for Defendants was recently diagnosed with a serious condition that requires immediate infusion treatment.[1]

6. Furthermore, lead trial counsel for Plaintiff was recently diagnosed with a serious condition that required immediate open-heart surgery from which he is still recovering.[2]

7. Lead trial counsel for each side has been principally responsible for trial strategy, witness preparation, and expert examination in this matter, and the Parties would be substantially prejudiced if forced to proceed to trial without them or to substitute trial counsel on such short notice. The Parties have been cooperating to diligently advance this case, reaching agreement on numerous issues to avoid seeking this Court's intervention, and they file this joint motion in agreement that this limited continuance is necessary for the Parties to prepare and present this case on the merits at trial. The Parties do not wish to inconvenience this Court or impose any unforeseen burdens by this motion.

[1] Should the Court require more details, Counsel for Defendants is happy to provide said details directly to the Court.
[2] Should the Court require more details, Counsel for Plaintiff is happy to provide said details directly to the Court.

8. The Parties do not wish to inconvenience this Court or impose any unforeseen burdens by this Motion, and the Parties do not anticipate any complications that would interfere with the proposed January 2027 trial setting. However, Plaintiff's Lead Trial Counsel Barry A. Postman, Esq. is presently set for a special set trial beginning January 11, 2027 which is expected to last through January 19, 2027 in Broward County State Court Case No.: CACE-24-018305. The proposal for the Bench Trial in the instant matter is proposed to begin on January 25, 2027 and would not be impacted by these dates; however, if the Court is inclined to grant the Parties' Motion, and should the Court deem a different date for trial preferable, Plaintiff wanted to ensure to advise of the special set trial promptly to avoid the risk of conflicting trial dates.

9. Undersigned counsel for the Parties are submitting affidavits in support of good cause for the requested relief, as required by S.D. Fla. L.R. 7.6. *See* Exs. A-B.

**MEMORANDUM OF LAW**

For good cause shown, a district court may grant a motion to modify or enlarge the deadlines in a scheduling order. *See* Fed. R. Civ. P. 16(b)(4). The Advisory Committee Notes explain that good cause is shown when the schedule cannot reasonably be met despite the parties' diligence. Fed. R. Civ. P. 16, Advisory Committee Note. A district court has broad discretion to grant an extension of deadlines to balance the interests of the parties and advance the just resolution of a case. *See U.S. v. Bowe*, 221 F. 3d 1183, 1189 (11th Cir. 2000) (district court enjoys "broad discretion" in deciding motion to continue trial); *Am. Registry, LLC v. Hanaw*, No. 2:13-cv-352-FtM-29CM; 2014 WL 1478788 (M.D. Fla. Apr. 15, 2014) (extending deadlines in scheduling order by 90 days "upon balancing the parties' interest in potentially avoiding any undue burden and expense of discovery with the goals of expedient and just resolution of cases").

The Parties have shown good cause for a 90-day continuance and corresponding extension of limited re-trial deadlines. The current schedule cannot be met despite the Parties' diligence because of circumstances wholly outside their control, specifically, lead trial counsel for both Defendants and Plaintiff are dealing with significant health issues that will prevent them from preparing for and trying this case as currently scheduled. These exceptional circumstances were not foreseeable when this Court last amended the scheduling order [D.E. 91], and they do not stem from any lack of diligence by the Parties.

The Parties have fully litigated this case and remain fully committed to complying with the Court's deadlines for the remainder of this matter. A 90-day continuance will afford lead trial counsel the time necessary to receive treatment and/or recover, and will permit each Party to be represented at trial by the counsel most familiar with this case and with whom each Party has worked throughout this litigation. The Parties, moreover, have cooperated throughout this litigation and conferred to reach agreement on a proposed schedule that would allow sufficient time for them to prepare and present this case on the merits. Each of the Parties' respective representatives have confirmed their consent to the relief requested herein in light of the exceptional circumstances.

The Parties understand that continuances are strongly disfavored. The Parties have demonstrated their diligence in this case and jointly submit that a 90-day continuance is reasonable and supported by good cause based on the health circumstances of multiple Parties' lead trial counsel. The Parties respectfully request that this Court exercise its discretion to grant this motion and welcome any adjustment of the proposed deadlines for this Court's convenience absent the time period of January 11, 2027 through January 19, 2027 in light of a special set trial already

scheduled in a separate matter (Case No.: CACE-24-018305) as noted above which may conflict with an alternative date identified by the Court.

WHEREFORE, Defendants M/V TNT, a 2023 Tecnomar Lamborghini 63, *in rem*, and COMMERCIAL FITNESS CONCEPTS LLC, *in personam*, Plaintiff, FAST RESPONSE MARINE TOWING & SALVAGE, LLC, and Intervening Plaintiff BRIDGECAP EQUITIES LLC. jointly and respectfully request a 90-day continuance of trial and extension of pre-trial deadlines as described herein, and any further relief this Court deems appropriate under the circumstances.

**CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Defendants certifies that counsel for all Parties have conferred regarding the relief sought in this Motion, and all Parties join in and do not oppose the relief requested herein.

**Dated: October 6, 2026.**

**Respectfully submitted,**

**McALPIN FLOREZ MARCOTTE, P.A.**
9130 S. Dadeland Blvd., Suite 1900
Miami, Florida 33156
Tel: (305) 810-5400
Fax: (305) 810-5401

By: */s/ Michael Del Duca*
Richard J. McAlpin, Esq.
rmcalpin@mfm-maritime.com
Florida Bar No. 438420
George S. Florez, Esq.
gflorez@mfm-maritime.com
Florida Bar No. 127331
Michael Del Duca, Esq.

**COLE, SCOTT & KISSANE, P.A.**
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: (561) 612-3479
Fax: (561) 683-8977

By:/s/ *Justin D. Edell*
Barry A. Postman, Esq.
Florida Bar No.: 991856
barry.postman@csklegal.com
Justin D. Edell, Esq.
Florida Bar No.: 105105
justin.edell@csklegal.com
patricia.martel@csklegal.com
*Attorneys for Plaintiff*

**PERRY MARITIME LAW GROUP, P.A.**
1650 SE 17th Street, Suite 200
Fort Lauderdale, Florida 33316
Tel: (954) 500-1000
Fax: (954) 500-2000

By:/s/ *James H. Perry, II*
James H. Perry, II, Esq.
Florida Bar No.: 991491
perry@maritimeattorneys.com
Michael P. Perry, Esq.
Florida Bar No.: 1048868
michaelperry@maritimeattorneys.com
*Attorneys for Intervening Plaintiff*

Florida Bar No.: 1058454
mdelduca@mfm-maritime.com
dduran@mfm-maritime.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on Tuesday, October 6, 2026, the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing: Barry A. Postman, barry.postman@csklegal.com; justin.edell@csklegal.com; Cole, Scott, & Kissane, P.A., Attorneys for Plaintiff, 222 Lakeview Ave., Suite 120, West Palm Beach, FL 33417 and Michael Patrick Perry, michaelperry@maritimeattorneys.com; perry@maritimeattorneys.com; Perry Maritime Law Group, P.A. Attorneys for Intervening Plaintiff, 1650 SE 17th Street, Suite 200, Fort Lauderdale, FL 33316.

By: */s/ Michael Del Duca*
Michael Del Duca, Esq.